UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT E. STONEKING, II　　　　　　　　CIVIL ACTION NO. 09-cv-1020

VERSUS　　　　　　　　　　　　　　　　　JUDGE HICKS

U.S. COMMISSIONER SOCIAL　　　　　　　MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Robert Stoneking ("Plaintiff") applied for Social Security disability benefits, and his claim was denied at the Agency level. He appealed to this court, represented by attorney John G. Ratcliff, and filed a brief that raised three issues. The first issue faulted the ALJ's opinion for finding that Plaintiff could perform two jobs, drip pumper and security guard (which a vocational expert identified as semi-skilled), absent any evidence Plaintiff had transferable skills to perform those jobs. The Commissioner, rather than file a brief in response and contest the issue, filed a motion that conceded error and requested entry of an order reversing the Agency decision and remanding the case for further proceedings. The basis of the Commissioner's request was the skills issue identified in Plaintiff's brief.

Plaintiff, on his return to the Agency, was found disabled and awarded benefits. Plaintiff and attorney Ratcliff had a contingency fee agreement for Ratcliff to, if successful, receive a fee equal to 25% of the past due benefits awarded. Plaintiff's past-due benefits were about $82,763, and the Agency withheld 25% of that amount for potential payment fo attorney fees.

Attorney Ratcliff filed a petition with the Agency to request payment of $6,621 for work done before the Agency. He has now filed with the court a Motion for Attorney Fee (Doc. 21) in which he seeks approval, based on his work before the court, to receive the remaining $14,069.63 of the withheld amounts. This request is made pursuant to 42 U.S.C. § 406(b). Ratcliff acknowledges that the court earlier awarded $2,280 pursuant to the Equal Access to Justice Act ("EAJA"). He represents that, as required by law, he will give to Plaintiff the EAJA award once the presumably larger Section 406(b) fee is awarded.

The time period for filing a fee motion under Section 406(b) is governed by Fed. R.Civ. Proc. 54(d)(2) and applicable local rules. Pierce v. Barnhart, 440 F.3d 657, 663 (5th Cir. 2006). That time has passed, but the circumstances of this case in which the actual award was not made until long after the court's judgment warrant the exercise of the court's discretion to extend that time period and consider the motion.

With respect to the substance of the motion, Plaintiff signed a contingency fee agreement to pay 25% of any past-due benefits awarded. That agreement may provide the Section 406(b) award so long as it is reasonable under the facts of this case. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002). The Commissioner, who has no direct financial stake in the fee award but plays a role resembling that of a trustee for the claimant, filed a response to the motion and questioned whether $14,069.63 was a reasonable fee. The Commissioner, employing the lodestar approach, noted that Ratcliff expended 15.2 hours before the court, which would result in an hourly rate of approximately $925.

Gisbrecht explicitly rejected the application of the lodestar method to calculate fees under Section 406(b). It did allow that if the benefits resulting from a contingency fee were large in comparison to the amount of time counsel spent on the case, a downward adjustment could be in order to disallow a "windfall" for the lawyer.

This led to some confusion about the role the lodestar calculation should play in setting a reasonable contingency fee. The Fifth Circuit looked at the issue in Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010) and held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." 622 F.3d at 380. The Court said this meant the windfall assessment could consider an effective hourly rate "but only so long as this mathematical calculation is accompanied by a consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." Id. The Court explained that the Gisbrecht "windfall" does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work - - even if he managed to accomplish a great deal in a small window of time." Id. at 381.

The record indicates that the success on appeal to this court was due to counsel raising and briefing the issue that persuaded the Commissioner to agree to the remand that led to a significant award of benefits to Plaintiff, plus a monthly benefit that will continue without

deduction of fees. There is no indication of any unearned advantage that would make it unreasonable to compensate Ratcliff in accordance with the contingency fee agreement he and his client signed.

<u>Jeter</u> noted several factors a court might consider in determining whether a particular fee is unearned so that it could be considered a windfall. It did not mandate application of any particular factors. The undersigned finds relevant here that there are very few attorneys in the Shreveport division who will accept social security appeals to the district court. Ratcliff files the vast majority of such appeals and, despite his efforts, probably has a less than 50% success rate. Accordingly, there are many cases in which he puts in several hours but collects no fee. If the court were to significantly reduce contingency fee awards when they are earned, there might soon be no attorneys in the Shreveport area who would represent a person such as Plaintiff and preserve the issue that resulted in a substantial award of past due benefits and continuing monthly benefits. After considering all these factors, the undersigned finds that the requested fee award is reasonable in the premises.

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Attorney Fees (Doc. 21)** be **granted** and that attorney John G. Ratcliff be awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $14,069.63, to be paid to him from that portion of past due benefits awarded Plaintiff that has been withheld by the Social Security Administration.

**IT IS FURTHER RECOMMENDED** that attorney Ratcliff be directed to, upon receipt of those funds, deliver to Plaintiff the $2,280 earlier awarded pursuant to the EAJA.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE